UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA LEMKE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 17-cv-05897 |
| v. ) | |
| ) | |
| LVNV FUNDING, LLC, and RESURGENT ) | |
| CAPITAL SERVICES, L.P., ) | |
| ) | Jury Demanded |
| DEFENDANTS. ) | |

## COMPLAINT

Plaintiff, Laura Lemke, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *E.g.* Genova v. IC Sys., Inc., No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendants' sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Sys., Inc.,* No. 16-60640, 2017 WL 2872343, at *3 (5th Cir. July 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating) (citing *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.")).

## PARTIES

6. Plaintiff, Laura Lemke ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One Bank consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

7. Defendant, LVNV Funding, LLC ("LVNV") is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from the Illinois Secretary of State).

8. LVNV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. LVNV is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. LVNV's principal purpose is the collection of debts, as it derives all of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers.

11. In the last month, LVNV has filed close to 500 lawsuits in the Circuit Court of Cook County, First Municipal Division, to collect debts.

12. Thus, LVNV is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

13. Defendant, Resurgent Capital Services L.P. ("Resurgent") is a Delaware limited liability partnership that regularly does or transacts business in the State of Illinois, but does not maintain a registered agent in Illinois.

14. Its registered agent in its home state of Delaware is Corporation Service Company, located at 2711 Centerville Rd, Wilmington, Delaware, 19808. (Exhibit C, Record from the Delaware Secretary of State).

15. Resurgent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16. Resurgent is licensed as a collection agency in the State of Illinois. (Exhibit D, Record from the Illinois Department of Financial and Professional Regulation).

17. Resurgent regularly attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA

## FACTUAL ALLEGATIONS

18. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Credit One Bank consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

19. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

20. LVNV subsequently purchased the alleged debt, and through its servicer Resurgent began collecting the alleged debt from Plaintiff.

21. In response to collection attempts by Defendants, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on July 14, 2017, sent a letter to LVNV, indicating that Plaintiff disputed the alleged debt. (Exhibit E, Dispute Letter).

22. LVNV received Plaintiff's dispute on July 14, 2017.

23. Plaintiff's letter stated, in part, that the amount reported is not accurate.

24. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

25. After making her dispute, Plaintiff purchased her Experian credit report to check that it was accurately updated.

26. In August, 2017, LVNV communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit F, Experian).

27. LVNV failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

28. LVNV had been notified at least two prior of Plaintiff's dispute.

29. Two weeks is sufficient time for a debt collector to update their records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

31. Defendants failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. 1692e(8), when they knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

32. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

33. Defendants materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

34. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

35. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

36. Defendants disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

37. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

38. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

39. Plaintiff experienced negative emotions about Defendants' false communication to Experian, including hopelessness, annoyance, aggravation, and other garden variety emotional distress.

40. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

42. Defendants failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. 1692e(8), when they knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendants as follows:

        A. Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

        B. Statutory damages from Defendant LVNV pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Statutory damages from Defendant Resurgent Capital Services L.P., pursuant to 15 U.S.C. § 1692k(a)(2);

      D.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      E.      Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. Defendants disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

      A.      Compensatory and punitive damages;

      B.      Costs; and

      C.      Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

hmccurdy@communitylawyersgroup.com